IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FRITZ D. JACKSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-2886 |
| § | |
| COURTNEY E. JAMES, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion to dismiss filed by Defendant Courtney E. James. (Dkt. 12). Also pending are two motions for leave to file amended pleadings, and one motion for leave to add new parties, filed by Plaintiff Fritz D. Jackson. (Dkts. 15, 16, 17). After considering the pleadings, response, and record, the Court **GRANTS** James' motion to dismiss. Jackson's motions are **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2020, James filed (1) an application to probate the will of her late mother in Harris County Probate Court and (2) a temporary restraining order against Jackson, claiming that he fraudulently altered her mother's will. Following mediation, James and Jackson signed a Mediated Settlement Agreement ("MSA"). Jackson then filed a motion to set aside the MSA.

After Jackson unsuccessfully attempted to remove the probate proceeding to federal court, the probate court dismissed Jackson's motion to set aside the MSA. Jackson then

filed the present complaint in federal court, seeking to overturn the probate court's decision.

## LEGAL STANDARDS

*Rule 12(b)(1)*

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (*quoting Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). The Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012).

*Rule 12(b)(6)*

A motion to dismiss under Rule 12(b)(6) may be granted if the pleading "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion, courts generally must accept the factual allegations contained in the complaint as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). Federal pleading rules require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting* Fed. R. Civ. P. 8(a)(2)). The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that

is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). The pleadings also must claim that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). The court's review is limited to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## ANALYSIS

**I.      The Court grants James' motion to dismiss.**

James argues that Jackson's claims are barred under the *Rooker-Feldman* doctrine. (Dkt. 12 at 8-10). If a federal plaintiff's alleged injury arises from an "allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision," then *Rooker-Feldman* bars the federal court's jurisdiction. *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382-83 (5th Cir. 2013) (internal citation and quotation marks omitted). The *Rooker-Feldman* doctrine thus deprives federal courts of subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Truong*, 717 F.3d at 382.

Jackson asks this Court for an injunction (1) "dismiss[ing] the suit in [Jackson's] favor or order[ing] a jury trial" and (2) "vacat[ing] said default judgment and any cost of

fees arising from this matter." (Dkt. 1 at 5). Jackson's request squarely implicates *Rooker-Feldman* and thus falls outside of the Court's jurisdiction. Furthermore, Jackson's effort to create a constitutional argument for federal-court review of his state-court proceeding fails—"a state court loser cannot invite a federal district court to sit in direct review of state court decisions by asserting constitutional claims that the state court had not directly addressed." *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 384 (5th Cir. 2013) (internal quotations omitted).

Even assuming that Jackson could successfully demonstrate errors in the state court proceedings at issue here, a state appellate court must correct the error. *See Rooker*, 263 U.S. at 416; *Liedtke*, 18 F.3d at 317. Jackson's recourse in federal court "is limited solely to an application for a writ of certiorari to the United States Supreme Court." *See id*.

Because the Court lacks jurisdiction over Jackson's claims, James' motion to dismiss is GRANTED.

II. **The Court denies Jackson's motions to amend his pleadings and add new parties.**

After filing his response to James' motion to dismiss, Jackson filed two motions for leave to file amended pleadings. (Dkts. 15, 16). The Court finds that Jackson's proposed amended pleadings (Dkt. 16 at 4-5) do not cure the deficiencies of his original pleadings.

Although Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), leave to amend "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quotation marks omitted). A district court may deny leave to amend "for undue delay, bad

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *Simmons v. Sabine River Authority Louisiana*, 732 F.3d 469, 478 (5th Cir. 2013); *see also Lewis v. Fresne*, 252 F.3d 352, 360 n.7 (5th Cir. 2001) ("Leave to amend does not need to be granted when the amended complaint would not withstand a motion to dismiss for failure to state a claim.").

Because Jackson's amended pleadings would not withstand a motion to dismiss, Jackson's motions for leave to file amended pleadings are DENIED.

Jackson also filed a motion for leave to add three new parties: Judge Michael Newman, Alecia Jones, and Denise Peterson. (Dkt. 17). If, as here, a party makes a request for an extension of time "after the time has expired," a court may grant the motion only if it finds both that there is "good cause" and that "the [moving] party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). "Relevant factors to the excusable neglect inquiry include: the danger of prejudice to the non-movant, the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (internal citations and quotations omitted).

Jackson argues that his failure to timely add new parties amounts to "excusable neglect" because Jackson "perceived this suit as a complex one, therefore, all due diligence was applied, to present a lucid document, and in so doing, more time was expended than anticipated." (Dkt. 17 at 2). The Court disagrees. This suit is straightforward, and Jackson's

actions do not amount to excusable neglect. Thus, Jackson's motion for leave to add new parties is DENIED.

## CONCLUSION

Defendant Courtney E. James's motion to dismiss is **GRANTED**. (Dkt. 12). Plaintiff Fritz D. Jackson's two motions for leave to file amended pleadings and motion for leave to add new parties are **DENIED**. (Dkts. 15, 16, 17). Jackson's claims are **DISMISSED WITHOUT PREJUDICE.**

SIGNED at Houston, Texas on January 31, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE